GREENWOOD LAKE SHORE LAND COMPANY, INC., Respondent, v. MARGARET A. MOSES and L. GUSTAM MOSES, Appellants.— Order dated March 12, 1937, denying defendants' motion to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action, reversed on the law and the facts, with ten dollars costs and disbursements, and motion granted, with leave to plead over within twenty days from the entry of the order hereon upon payment of costs to appellants to date. Appeal from order dated March 6, 1937, dismissed, as that order is superseded by the corrective order of March 12, 1937. In our opinion the description of the real property contained in the complaint does not meet the requirement of rule 240 of the Rules of Civil Practice. That rule provides that the complaint " must describe the property  *  *  *  in such a manner that, from the description, possession of the property claimed may be delivered." Our understanding of the meaning of the rule is that such description must be definite and certain, and not the result of deductions and inferences from the various facts alleged. Carswell, Davis, Adel and Taylor, JJ., concur; Hagarty, J., dissents, being of opinion that the case should be tried. The plaintiff has alleged its record title, which consists of the land within the parcel described " which was, at any time, overflowed by the waters, being part of the waters which run through the canal belonging to the Morris Canal and Banking Company." The complaint was good enough to justify the filing of an answer in which the description was found sufficient to justify an allegation that the property " described " in the complaint is vested in the State of New York. Proof, of course, may have to be taken, but that fact does not invalidate the complaint.

LEON HERMAN, Respondent, v. NATHAN GOLD and Others, Defendants; TILLIE GOLD, TILGEY REALTY CORPORATION and NATMAX REALTY CORPORATION, Appellants.— In a judgment creditor's action, judgment adjudging the judgment debtor to be the real owner of assets held by the codefendants other than defendant Lewis, directing said codefendants to account therefor, and appointing a receiver to liquidate the assets in satisfaction of the judgment, unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Davis, Johnston and Close, JJ.

In the Matter of the Application of THE CITY OF NEW YORK Relative to Acquiring Title, Wherever the Same Has Not Been Heretofore Acquired for the Same Purpose in Fee, to the Lands, Tenements and Hereditaments Required for the Purpose of Opening and Extending Interborough Parkway Extension in the Borough of Brooklyn, County of Kings, City of New York, as Laid Out upon the Map or Plan of the Borough of Brooklyn, City of New York, by Resolution Adopted by the Board of Estimate and Apportionment in 1934, and Approved by the Mayor. THE CITY OF NEW YORK, Respondent; JOSEPHINE A. STUCKY, Appellant.— Final decree in condemnation proceedings, in so far as an appeal is taken therefrom, unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Davis and Johnston, JJ.